CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

May 04, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **JEREMY CORDERO CRAWLEY,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 7:24-cv-00040** |
| | ) | |
| **RICK WHITE, et al.,** | ) | **By: Robert S. Ballou** |
| **Defendants.** | ) | **United States District Judge** |

## MEMORANDUM OPINION

Plaintiff Jeremy Cordero Crawley, a Virginia inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Following review pursuant to 28 U.S.C. § 1915A, I will dismiss the Complaint for failing to state a claim upon which relief may be granted.

At all relevant times, Crawley was incarcerated at the Red Onion State Prison in Pound, Virginia. He alleges that prison officials failed to comply with an internal policy requiring cells to be cleaned twice per week. He further alleges that, on several occasions, he requested cleaning materials from prison officials but was not given the materials. Crawley claims he is concerned "for his health and [the] risk of infectious disease[s]," particularly Covid-19. Dkt. No. 1, at 2.

"Section 1983 imposes liability on state actors who cause the 'deprivation of any rights, privileges, or immunities secured by the Constitution.'" *Doe v. Rosa*, 795 F.3d 429, 436 (4th Cir. 2015). However, the court must dismiss any action filed by a prisoner against a governmental entity or officer if the court determines the claims are frivolous, malicious, or fail to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555, 570 (2007).

Crawley's claims arise under the Eighth Amendment. It is well-established that the Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). To state an Eighth Amendment conditions of confinement claim, prisoners must satisfy a two-part test. *Hammock v. Watts*, 146 F.4th 349, 360 (4th Cir. 2025). "First, they must show 'deprivation of a basic human need' that is 'objectively sufficiently serious.'" *Id.* (quoting *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997)). This requires showing "a serious or significant physical or emotional injury resulting from the challenged conditions, or a substantial risk of serious harm resulting from the prisoner's unwilling exposure to the challenged conditions." *Id.* (quoting *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995)) (internal quotation marks omitted); *see also Helling v. McKinney*, 509 U.S. 25, 33 (1993) ("[A] condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year" violates the Eighth Amendment even if "the complaining inmate shows no serious current symptoms."). Second, a prisoner "must establish that the defendant had a sufficiently culpable state of mind, which requires either actual knowledge of an excessive risk to the prisoner's safety or proof that prison officials were aware of facts from which an inference could be drawn that a substantial risk of serious harm exists and that the inference was actually drawn." *Hammock*, 146 F.4th at 360 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994)) (internal quotation marks omitted).

Even if Crawley could satisfy the second step of the analysis, he has not proffered sufficient facts to meet the first step. As an initial matter, Crawley does not adequately "describe the condition of his [cell]" apart from claiming that it has not been cleaned. *See Knight v. Woody*, No. 3:10-cv-00351, 2012 WL 92526, at *3 (E.D. Va. Jan. 11, 2012) (describing a similar situation). Without more, I cannot say that the condition of which Crawley complains is

2

sufficiently "extreme[ ] [as] required to make out" an Eighth Amendment claim. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Moreover, Crawley has failed to show a serious or significant physical or emotional injury or a substantial risk of serious harm resulting from the condition. For one, Crawley does not identify any physical injury whatsoever. Rather, he claims that that the defendants' failure to clean Crawley's cell or provide him with cleaning supplies placed him at risk of exposure to infectious diseases such as Covid-19.

Although "the risk of exposure to serious infectious disease can satisfy the first element of an Eighth Amendment conditions claim," *Mathis v. Burke*, No. 7:22-cv-00223, 2022 WL 2383962, at *4 (W.D. Va. July 1, 2022), Crawley has not pled sufficient facts to support such a finding in this case. Apart from Covid-19, Crawley does not identify any infectious disease to which he might be exposed or show that such diseases have been or are spreading throughout Red Onion. His assertion that he is at risk of exposure to unnamed diseases is "entirely speculative" and is therefore "not sufficiently serious to rise to the level of an Eighth Amendment violation." *See Alston v. Dep't of Corr.*, No. 7:07-cv-00575, 2007 WL 4410770, at *3 (W.D. Va. Dec. 14, 2007). As to Covid-19, Crawley "has not alleged that he suffers from a preexisting health condition or is of an age that makes him more susceptible to acquire Covid-19 or to suffer a more severe case of Covid-19." *See Allen v. Sater*, No. 7:21-cv-00230, 2022 WL 2806469, at *9 (W.D. Va. July 18, 2022); *see also Watson v. Kanode*, No. 7:21-cv-00119, 2023 WL 6447318, at *7 (W.D. Va. Sept. 29, 2023) ("Even assuming that Watson faced the risk of exposure to COVID-19 while housed in the quarantine unit, this allegation, standing alone, does not rise to the level of an Eighth Amendment violation."). Crawley has accordingly failed to show that the defendants' alleged inaction is "sure or very likely to cause serious illness and

needless suffering[.]" *Helling*, 509 U.S. at 33. And as noted above, it is Crawley's burden to plead sufficient facts to state a plausible claim for relief. *Twombly*, 550 U.S. at 555, 570.

As to psychological injury, Crawley merely claims that he suffered "emotional distress" and "mental anguish." Dkt. No. 1, at 4. These conclusory allegations fall short of showing a significant, serious psychological injury to satisfy the first step of a conditions of confinement claim. *See Morris v. W. Reg'l Jail*, No. 3:17-cv-01148, 2017 WL 4080698, at *11 (S.D. W.Va. Aug. 22, 2017) (finding that a plaintiff's "conclusory allegations that he . . . suffered mental anguish fail[ed] to show harm of constitutional magnitude."), *report and recommendation adopted*, 2017 WL 4078129 (S.D. W.Va. Sept. 14, 2017).

For these reasons, I will dismiss this action without prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. An appropriate order accompanies this memorandum opinion.

Enter:  May 3, 2026

*/s/ Robert S. Ballou*

Robert S. Ballou
United States District Judge

4